UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHASITY JOHNSON, *next friend* of C.C., a minor<br><br>    Plaintiff,<br><br>    v.<br><br>HOTEL MANAGEMENT SERVICES INC,<br><br>    Defendant. | Case No. 3:21-CV-62 JD |

## **OPINION AND ORDER**

Now before the Court is Defendant Hotel Management Services Inc.'s ("HMS") Motion to Quash Service of Process [DE 17] and Plaintiff Chasity Johnson's, next friend of C.C., a minor, Motion for Evidentiary Hearing on the Motion to Quash Service [DE 27]. For the following reasons, the Court grants HMS's motion to quash service, in part, and denies Ms. Johnson's motion as moot.

### I.   FACTUAL BACKGROUND

Ms. Johnson worked as a Front Desk Clerk for one of HMS's hotel properties, called Suburban Extended Stay Hotel ("SESH") South Bend. [DE 1]. Ms. Johnson filed her complaint against HMS on January 25, 2021 for race discrimination in violation of Title VII. *Id.* Ms. Johnson attempted to serve the Summons and Complaint on HMS at its alleged registered agent, CT Corporation System at 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204. [DE 21-2 at 4]. However, this certified mailing was returned to Plaintiff's counsel. *Id.* As a result, Plaintiff's counsel decided to serve HMS at one of its properties located in Indiana. On March 16, 2021, Ms. Johnson filed a Proof of Service Affidavit ("Affidavit"). [DE 13-1]. The Affidavit was signed by Janeen A. Weldy and it states that the Summons and the Complaint was mailed to

"Hotel Management Services. Inc., c/o Highest Executive Officer, Suburban Extended Stay Hotel South Bend, 52825 IN- 933 North, South Bend, IN. [sic] 46637" on March 9, 2021. The Affidavit states "per the USPS Tracking System, the Summons and Complaint were delivered and signed for on March 11, 2021." *Id.* A copy of the USPS tracking was attached to the Affidavit, which states that the item was delivered to the front desk, reception area, or mail room. *Id.* at 2. The Affidavit and the USPS tracking information do not include a return receipt or any other information indicating that a person signed for the item. *Id.*

HMS moved to quash service of process and dismiss this action, arguing Ms. Johnson's service is wholly deficient. [DE 17]. Ms. Johnson responded in opposition, to which HMS replied. Ms. Johnson filed a motion for an evidentiary hearing on HMS's motion to quash service [DE 27], to which HMS responded and Ms. Johnson did not file a reply.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(h) provides that a corporation must be served by delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by law to receive service or by the manner prescribed by Rule (4)(e)(1), which allows for service by following the service laws of the state where the district court is located. To serve an organization via certified mail, Indiana law requires that the certified mail be sent to "an executive officer [or] an agent appointed or deemed by law to have been appointed to receive service" and that a written receipt be produced showing who accepted the certified mail. Ind. T.R. 4.6(A)(1). Service by certified mail "is not effective unless the individual himself or a person authorized to accept service signs for the mail." *Noble Roman's, Inc. v. Rahimian*, 2008 WL 4793681, at *2 (S.D. Ind. Sept. 26, 2008). "This authority is required because a person accepting service for another has a duty, under Indiana Trial Rule 4.16(B) to

2

promptly deliver the papers or give notice in accordance with that Rule. Under Indiana law, service is not accomplished if the signatory does not have the authority to accept the certified mail." *Id.* at 4. "[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant." *Lozanovski v. Bourrell*, 2018 WL 925251, at *5 (N.D. Ind. Feb. 15, 2018) (internal quotations omitted).

If a defendant is not served properly, Rule 4(m) contemplates dismissal, unless the plaintiff shows good cause for the failure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In determining whether service was proper, the Court reviews the facts in a light most favorable to the non-moving plaintiff and may consider affidavits and other documentary evidence. *Pike v. Decatur Mem'l Hosp.*, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005), *report and recommendation adopted,* 2005 WL 8165660 (S.D. Ind. Oct. 24, 2005). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over a defendant through effective service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

First, HMS argues that Ms. Johnson attempted service via certified mail to the wrong entity, SESH, which is a separate and distinct entity from HMS and the location where the certified mail was addressed and sent to is simply the address of one of many SESH properties. HMS argues Ms. Johnson failed to identify the proper address or the location of HMS's registered agent and instead attempted to effectuate service on HMS at a SESH property. In response, however, Ms. Johnson argues that HMS brings its motion with unclean hands since it

3

is not registered to do business in Indiana and does not have a registered agent according to the Indiana Secretary of State. According to the Indiana Secretary of State, the "Business Status" of HMS has been revoked. [DE 21-2 at 6]. Plaintiff's counsel attempted service via certified mail at the address listed under the "registered agent information" on the Indiana Secretary of State Business Information and this certified mailing was returned. *Id.* at 4, 6. Unable to serve a registered agent, Plaintiff's counsel decided to serve HMS at one of its properties located in Indiana. Ms. Johnson asserts that it is her understanding that HMS acquired the SESH South Bend property and that all of the employees at the SESH property are employees of HMS. Ms. Johnson submits what she purports to be a copy of HMS's website which lists the properties it operates in Indiana, which include the property Ms. Johnson attempted service. While the copy of the website is insufficient to establish what Ms. Johnson asserts as the Court is unable to determine that it is even HMS's website, HMS provides no response to this argument in its reply, nor does it contradict that HMS was operating the SESH South Bend property at the time of Ms. Johnson's service of process.

    Second, HMS argues that even if SESH were a party to this action, service would still be deficient because Ms. Johnson entirely fails to comply with Indiana's state service laws. The Affidavit only states that the mailing was delivered to the front desk, reception area, or mail room. Ms. Johnson nor the Affidavit identify who (if anybody) signed for the certified mail. As such, HMS argues that Ms. Johnson cannot and does not establish that a person authorized by HMS to accept service signed for the mail as required under Indiana law. In response to this, Ms. Johnson argues that at the time of service USPS's COVID-19 procedures did not allow for a person to sign for certified mail. When a signature was required, the postal carriers were to ask the first initial and last name of the recipient so that they could enter that information on the

4

electronic screen or return receipts. *Id.* at 13. Therefore, the USPS postal carrier signed for the delivery.

Ms. Johnson argues that she intended and in fact served the General Manager of the SESH South Bend property, which she claims is an HMS employee. In support of this fact, Ms. Johnson asserts through Tawn Burnley's affidavit, who was employed as a General Manager at HMS, that when Ms. Burnley was General Manager she was trained to sign for all envelopes and packages, and then scan all mail and email it to HMS headquarters. [DE 21-1 at 1–2]. Ms. Johnson argues that under Indiana Trial Rule 83(2), an "executive officer" of an organization is defined to include "office manager" and adds that "[f]or purposes of service of process, notice and other papers, the term includes . . . any person employed under or with any of the foregoing persons and who is entrusted with responsible handling of legal papers, and any person employed in the organization if such person promptly delivers the papers served to one of the foregoing." However, Ms. Burnley's recollection of the protocols while she was General Manager does not establish who *actually* signed for the certified mail at the time of service nor does Ms. Johnson know who did receive it. "[W]hile service can be permissible by certified mail, it 'is not effective unless the individual himself or a person authorized to accept service signs for the mail.'" *Brown v. Bureaus Inv. Grp. Portfolio No 15 LLC*, 2020 WL 4059196, at *4 (N.D. Ind. July 20, 2020) (quoting *Noble Roman's*, 2008 WL 4793681, at *2). Here, the postal carrier signed for the certified mail and no evidentiary hearing will overcome this fact. Nor has Ms. Johnson proven that the person who received the mail was authorized to accept service. Because of this, there is simply no basis in the record to determine that such service met either the state or federal requirements of service upon an officer or qualified agent of the company, so the Court must conclude that service was insufficient.

The Court notes that over 90 days have passed since the filing of the complaint. Because HMS has not been properly served, this could subject Ms. Johnson's complaint to dismissal. Fed. R. Civ. P. 4(m). When presented with a defect in service of process, a district court must first inquire whether the plaintiff had good cause for failing to perfect service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). In this context, good cause means a "valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted). At a minimum, a plaintiff must show reasonable diligence in her efforts to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993). When good cause exists, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Panaras*, 94 F.3d at 340.

In instances where good cause is not present, the court has the discretion to either dismiss the action without prejudice, or direct that service be completed within a specified time period. *Cardenas,* 646 F.3d at 1005; *Panaras*, 94 F.3d at 340. The factors that courts typically consider when deciding whether to grant an extension of time for service of process include but are not limited to:

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

*Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021) (citing *Cardenas*, 646 F.3d at 1006–07). "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Cardenas*, 646 F.3d at 1007.

The Court finds that Ms. Johnson has not established good cause for the insufficient service however, in considering the facts as presented to the Court it finds that an extension of time for service of process is warranted. Despite the lack of proper service, HMS received actual notice of the suit within a short time after the attempted service. In fact, its counsel has been active in the present litigation. The record indicates that counsel for HMS filed a notice of appearance, filed a notice of demand of jury trial, and filed an agreed notice to extend time to file an answer on behalf of HMS. [DE 14, 15, 16]. HMS has not shown any actual harm to its ability to adequately defend the lawsuit nor would HMS's ability to continue to defend the action be harmed by the extension. The Court recognizes that HMS has not deliberately evaded service, however, Ms. Johnson has submitted evidence that HMS's listed registered agent returned Ms. Johnson's first attempt of service and its business status has been revoked from the Indiana Secretary of State.[1] Given this attempt and her attempt to serve the General Manager at a property managed by HMS, Ms. Johnson diligently pursued service during the allotted period. Also, while time has passed since service has not been perfected, this does not outweigh the other factors favoring the granting of an extension in order for Ms. Johnson to perfect service upon HMS, especially in light of the USPS protocols as a result of the COVID-19 pandemic. Because Ms. Johnson was diligent in prosecuting this action and has attempted service on HMS, though ultimately unsuccessfully, the Court grants Ms. Johnson an additional 30 days from the date of entry of this order to properly effect service upon HMS. Ms. Johnson is directed to file proof of service no later than seven days after proper service is effectuated.

---

[1] A business entity registered with the Indiana Secretary of State must designate and maintain a registered agent in the state. Ind. Code § 23-0.5-4-1. "'Registered agent' means an agent of an entity which is authorized to receive service of any process, notice, or demand required or permitted by law to be served on the entity. The term includes a commercial registered agent and a noncommercial registered agent." Ind. Code § 23-0.5-1.5-36.

### III.  CONCLUSION

Accordingly, the Court GRANTS IN PART Defendant Hotel Management Services Inc.'s motion to quash service of process. [DE 17]. While the Plaintiff's service of process was deficient, the Court GRANTS Ms. Johnson an additional 30 days from the date of entry of this order to properly effect service upon HMS. Ms. Johnson is directed to file proof of service no later than seven days after proper service is effectuated. The Court DENIES AS MOOT Ms. Johnson's motion for evidentiary hearing. [DE 27].

SO ORDERED.

ENTERED: November 8, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court